For the reasons stated, we affirm the judgment of the district court.

**AFFIRMED.**

**STATE of Iowa, Appellee,**

v.

**Donald R. KING, Appellant.**

**No. 92–1316.**

Court of Appeals of Iowa.

March 30, 1993.

Linda Del Gallo, State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Robert P. Ewald, Asst. Atty. Gen., Denver D. Dillard, County Atty., and Todd Tripp, Asst. County Atty., for appellee.

Considered by OXBERGER, C.J., and DONIELSON and HAYDEN, JJ.

DONIELSON, Judge.

On August 11, 1992, King was sentenced on his guilty pleas to delivery of a controlled substance, a class "C" felony, in violation of Iowa Code section 204.401(1)(c) (1991), and to possession of a controlled substance, cocaine, a serious misdemeanor, in violation of Iowa Code section 204.401(3) (1991).

About two months prior to the August 1991 sentencing hearing, King had filed a written waiver of rights and plea agreement, both in reference to the serious misdemeanor possession plea. King also filed a written consent to waive presence, in which he agreed the court could sentence him without him being present. Throughout these proceedings King was represented by counsel, who also signed each of the forms.

The second page of the written plea agreement contained a misstatement of the law. It stated:

7. I understand that on a plea of guilty to this charge, the Court can imprison me in the county jail up to *six*

*months*, or can fine me up to $1,000.00 or both.

(Emphasis added). In fact, the maximum prison sentence for possession of cocaine, a serious misdemeanor, is one year. Iowa Code § 903.1(1)(b) (1991).

At the August 11, 1991, hearing, King was represented by counsel. Notwithstanding King's written waiver of his right to be present at the sentencing on the possession plea, King did appear because that plea was taken along with his plea on the class "C" felony. Following the hearing, the court sentenced King to a term of one year on the serious misdemeanor charge and to a term not to exceed ten years on the class "C" felony charge. The sentences were to be served concurrently.

King now appeals. He contends his guilty plea on the serious misdemeanor must be set aside because he was improperly advised of the potential penalties for the offense charged.

Our scope of review is for errors at law. Iowa R.App.P. 4. Iowa Rule of Criminal Procedure 8(2)(b) governs the acceptance of pleas of guilty. Strict compliance with rule 8(2)(b) is not necessary; substantial compliance is all that is required. *State v. Kirchoff*, 452 N.W.2d 801, 804 (Iowa 1990).

Under rule 8(2)(b), we must find King entered his plea "intelligently in the sense that [he] had been informed of, and understood, the matters listed in rule 8(2)(b)." *State v. Kirchoff*, 452 N.W.2d 801, 805 (Iowa 1990). Among other matters, the court must inform the defendant of and determine the defendant understands "[t]he mandatory minimum punishment, if any, and the *maximum possible punishment* provided by the statute defining the offense to which the plea is offered." Iowa R.Cr.P. 8(2)(b)(2) (emphasis added).

The difficulty here is that the written plea agreement King signed contained misinformation regarding the maximum possible punishment for the offense of possession of cocaine under section 204.401(3). Although the written plea agreement stated the maximum possible punishment was

only six months, this offense actually is punishable by imprisonment not to exceed one year. Iowa Code § 903.1(1)(b) (1991). Because the written plea agreement informed King the maximum possible punishment was six months, and the law actually imposed a sentence of one year, the district court did not substantially comply with rule 8(2)(b) by accepting this written plea agreement. We therefore vacate King's guilty plea to the serious misdemeanor charge (possession of cocaine in violation of section 204.401(3)).

However, we note King's sentence for this offense was subsumed under the ten-year sentence which King received on his plea to the class "C" felony. Consequently, the State argues King has not demonstrated he was prejudiced by this error because the one-year sentence was totally subsumed under the ten-year sentence. We do not agree. King's guilty plea to the class "C" felony is not the subject of this appeal, and it may still be subject to attack. If the plea to the class "C" felony charge were ever to be vacated, King clearly would be prejudiced by the fact he is serving a sentence of one year (instead of six months) for the serious misdemeanor to which he pleaded guilty.

For the reasons stated, we vacate King's guilty plea, conviction, and judgment on the charge of possession of cocaine. We remand to the district court for further proceedings.

The costs of this appeal are taxed to the State.

**REVERSED AND REMANDED.**